IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRIKA MORRISSETTE MILLER, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:20-cv-1025-RAH-JTA ) ) (WO) |
| MONTGOMERY POLICE DEPARTMENT, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are the Amended Complaint (Doc. No. 18) filed by Plaintiff Frederika Morrissette Miller ("Miller"), and the original Complaint alleging claims by Plaintiff Gary L. Sauer, Jr. ("Sauer"). (Docs. No. 1, 18.) For the reasons stated below, the Magistrate Judge recommends[1] that Miller's claims against the Alabama Law Enforcement Agency ("ALEA") be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii), that her remaining claims against the Montgomery Police Department ("MPD") be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that Sauer's claims be dismissed without prejudice.

---

[1] Both plaintiffs are proceeding *pro se* and *in forma pauperis*. (Doc. No. 7.) This action was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.)

# I.     STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations

omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A frivolous claim is one that "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted), because the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at \*1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted), overruled on other grounds by *Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.    JURISDICTION

This court has subject matter jurisdiction over Plaintiffs' claims based on federal

question jurisdiction, 28 U.S.C. § 1331, as Plaintiffs appear to allege claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1986.

### III.   PROCEDURAL HISTORY

On December 14, 2020, Miller and Sauer filed a Complaint against MPD and ALEA. (Doc. No. 1.) They alleged that, in multiple incidents over the course of several years, law enforcement officers employed by MPD and ALEA engaged in harmful and/or criminal behaviors toward Miller and failed on numerous occasions to protect and assist her when called upon to do so. (Doc. No. 1.)

On January 1, 2022, the court entered an Order stating:

Upon thorough review of [Miller's] Complaint, the court finds it contains several deficiencies and is devoid of sufficient facts. Specifically, the Complaint contains numerous allegations against law enforcement officers but does not connect their specific actions to particular violations of federal law, and therefore does not provide a basis for federal jurisdiction. In other words, while Miller alleges constitutional violations, she does not identify the actions that ran afoul of the constitutional amendments cited or the dates on which those violations occurred. The result is a complaint that lacks the requisite factual specificity and leaves the court to guess what actions by defendants violated federal law, why Miller is asserting each claim against the named defendants, when the claims arose, and how the facts represent a violation of federal or state law.

(Doc. No. 15 at 3.)

By the same Order, the court required Miller to "file an amended complaint that complies with the Federal Rules of Civil Procedure, including" naming the individuals who were personally responsible for the actions about which [she] complains, alleging a basis for federal jurisdiction, and providing "simple, clear and concise allegations of fact

showing that [she] is entitled to relief." (*Id*. at 4-5.) The court advised the parties that "the amended complaint [would] supersede the initial complaint" and that "the court will consider **only those claims set forth in the amended complaint and the defendant(s) named in the amended complaint**." (*Id.* at 5 (emphasis in original).) The court cautioned Miller that, "in filing the amended complaint[,] she must comply with the directives of th[e] Order and, if she fail[ed] to do so, the Magistrate Judge w[ould] recommend that this case be dismissed without prejudice for her failure to comply with th[e] order." (*Id*.)

On February 24, 2022, Miller filed an Amended Complaint against Defendants. (Doc. No. 18.) Sauer did not file an amended complaint asserting claims on his own behalf.

## IV.   ANALYSIS

In the Amended Complaint, Miller alleges that, beginning as far back as 2001, Defendants engaged in a pattern and practice of harassing her and failing to respond to her requests for police assistance. (Doc. No. 18.) The most recent such event, and the only event that occurred within one or two years prior to the filing of this action,[2] was that, in January 2020, Defendants failed to respond to Miller's request for assistance to protect her mother's home from burglars and vandals who lived in the neighborhood. (*Id*. at 7-8.)

---

[2] Claims asserted pursuant to 42 U.S.C. § 1983 are subject to a two-year statute of limitations and § 1986 claims are subject to a one-year statute of limitations. 42 U.S.C. § 1986; *Stokes v. Danzey*, No. 1:21-CV-467-WHA-KFP, 2021 WL 5501110, at *2 (M.D. Ala. Nov. 1, 2021), *report and recommendation adopted*, No. 1:21-CV-467-WHA-KFP, 2021 WL 5500499 (M.D. Ala. Nov. 23, 2021) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)) (noting the two-year statute of limitations applicable to § 1983 actions).

Miller alleges that Defendants' pattern and practice of harassing her and refusing to respond to her police reports was motivated by discriminatory intent based on her own and her mother's status as Muscogee, Poarch Creek, and Creek indigenous people. (*Id*. at 8.) Miller alleges that Defendants' discriminatory practices violated her right to due process under color of state law in contravention of her Fourteenth Amendment rights and her statutory rights under 42 U.S.C. §§ 1981, 1983, and 1986. (*Id*. at 9-10.) Miller also asserts that Defendants' actions violated 18 U.S.C. § 242, which is a criminal statute that prohibits deprivation of constitutional rights under color of state law. Miller seeks eighteen million dollars in compensatory damages. (*Id*. at 10.)

**A.    Miller's Claims Against ALEA**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, (1984); *see also Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) ("It is . . . well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and

when an 'arm of the State' is sued."). ALEA is a department of the State of Alabama and

is immune from suit under the Eleventh Amendment. *Moore v. Marshall*, No. CA 19-0294-

TFM-MU, 2020 WL 3161002, at *9 (S.D. Ala. Jan. 24, 2020), *report and recommendation*

*adopted as modified on other grounds*, No. 2:19-CV-294-TFM-MU, 2020 WL 1131144

(S.D. Ala. Mar. 9, 2020) (collecting cases). Accordingly, Miller's claims against ALEA

are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), which

provides for dismissal of *in forma pauperis* claims that "seek[] monetary relief against a

defendant who is immune from such relief."

**B.     Miller's Claims Premised on Violations of 18 U.S.C. § 242**

 "[A] private citizen cannot initiate a federal criminal prosecution and . . . [18 U.S.C.

§ 242] does not provide a private right of action for damages." *Stoll v. Martin*, No.

3:06CV180 LACEMT, 2006 WL 2024387, at *2 (N.D. Fla. July 17, 2006) (collecting

cases). To the extent that Miller is seeking damages for violations of § 242, a criminal

statute that prohibits deprivation of civil rights under color of state law, Miller's claims are

due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490

U.S. 319, 325 (1989) (holding that a complaint "is frivolous where it lacks an arguable

basis . . . in law").

**C.     Miller's Fourteenth Amendment, § 1981, and § 1983 Claims Against MPD**

42 U.S.C. § 1983 creates a civil action for deprivation of rights afforded by the

United States Constitution. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (holding that §

1983 is not an independent source of substantive rights, but merely serves as a vehicle for

vindicating federal rights conferred by the Constitution or other federal law). In addition,

§ 1983 "provides the exclusive federal remedy against municipalities for the violation of

civil rights guaranteed by § 1981." *Evans v. City of Talladega*, No. 1:13-CV-00705-MHH,

2014 WL 12651067, at *2 (N.D. Ala. Sept. 4, 2014); *see also Jett v. Dallas Indep. Sch.*

*Dist.*, 491 U.S. 701, 735 (1989) (holding that § 1983 "provides the exclusive federal

damages remedy for the violation of the rights guaranteed by § 1981 when the claim is

pressed against a state actor"). Thus, Miller's claims that MPD deprived her of her

constitutional rights and violated § 1981 are properly merged into § 1983 claims.

"[P]olice departments are not usually considered legal entities subject to suit" under

§ 1983. [3] *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). More specifically, "[t]he

Montgomery City Police Department is not a legal entity and, therefore, is not subject to

suit or liability under § 1983." *Weatherly v. Montgomery City Comm'n*, No. 2:11-CV-87-

---

[3] Local governing bodies *are* subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*
*of City of New York*, 436 U.S. 658, 690 (1978). However, the issue here is not whether a
municipality can be subject to suit, but whether the Montgomery Police Department is a
separate legal entity subject to suit. Additional opportunities to amend to name the
appropriate municipality are unwarranted. Plaintiffs have previously been provided an
opportunity to amend and, in any event, they have already sued the City of Montgomery
in a separate lawsuit that is premised on many of the same alleged Montgomery Police
Department acts and omissions that form the basis of the factual allegations in this present
case. *See Miller v. City of Montgomery*, Case No. 2:20-cv-01049-WKW-CWB.

TMH, 2011 WL 2313785, at *1 (M.D. Ala. Mar. 11, 2011), *report and recommendation adopted*, No. 2:11-CV-087-TMH, 2011 WL 2313776 (M.D. Ala. June 13, 2011); *see also Miles v. Montgomery City Police Dep't*, No. CIV.A.2:07CV950-MHT, 2007 WL 4365462, at *2 (M.D. Ala. Dec. 7, 2007) (adopting the report and recommendation of the magistrate judge).

Therefore, Miller's § 1983 claims against the MPD are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**D.    Miller's § 1986 Claims Against MPD**

In her amended complaint, Miller alleges that MPD violated 42 U.S.C. § 1986, which provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [§] 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case …. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

Section 1985, in turn, prohibits conspiracy to "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2).

As with Miller's § 1983 claims, her § 1986 claims against MPD are subject to

dismissal as frivolous because MPD, as a subordinate entity of a municipality, is not a legal entity subject to suit. *Wilson v. State*, 536 F. Supp. 3d 1245, 1248 (M.D. Ala. 2020) (collecting cases regarding the status of police departments as separate legal entities); *see Dean*, 951 F.2d at 1214 ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Clay-Brown v. City of Decatur, Ala.*, No. CV 12-J-3988-NE, 2013 WL 832315, at *2 (N.D. Ala. Feb. 28, 2013); *see also* Fed. R. Civ. P. 17(b) (providing that capacity to sue or be sued is determined by state law); *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) (noting, in a suit naming the City of Montgomery Police Department as a defendant, that, "'[g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.'" (quoting 56 AM. JUR. 2d *Municipal Corporations* § 787 (2000)); *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) (holding that a county sheriff's department was not a legal entity subject to suit); 62 C.J.S. *Municipal Corporations* § 564 (2023) ("A police department is generally not a suable entity in the absence of statutory authority. It is an agency of the state or of the city and cannot be sued independently." (footnotes omitted)).

Therefore, Miller's § 1986 claims against MPD are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**E.    Sauer's Claims**

As the court pointed out in its Order requiring Plaintiffs to amend, Sauer has not alleged that he personally was harmed by Defendants' conduct; rather, he is involved in this action as Miller's friend and advocate. (Doc. No. 15 at 1-2; *see also* Doc. No. 1 at 23; Doc. No. 1-1 at 2; Doc. No. 9; Doc. No. 16.) Sauer did not file an amended complaint containing any claims on his own behalf.

Because Sauer does not allege that Defendants caused him any particularized injury,[4] Sauer's claims are due to be dismissed for lack of standing. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008) (holding that, where a plaintiff has not alleged that he has suffered an actual concrete or imminent injury, the plaintiff lacks standing, "and the federal courts do not have jurisdiction over his . . . complaint").

Further, Sauer's claims are due to be dismissed as having been abandoned and for failure to prosecute. Sauer was provided an opportunity to amend his claims, he was notified that "the court will consider **only those claims set forth in the amended complaint and the defendant(s) named in the amended complaint,**" and, in drafting the

---

[4] Alternatively, to the extent Sauer may claim any injury to himself, his claims are due to be dismissed for the same reasons that Miller's claims are due to be dismissed.

Amended Complaint,[5] he included no claims on his own behalf. (Doc. No. 15 at 5 (emphasis in original)).

## V.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Miller's claims against ALEA be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii), that Miller's remaining claims against MPD be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), that Sauer's claims be dismissed without prejudice, and that this case be dismissed.

It is further ORDERED that on or before **January 23, 2023**, Plaintiffs may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiffs object. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiffs are advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall

---

[5] In moving for an extension of time to file an amended complaint, Sauer indicated that he was the drafter of the pleadings and that he would be the one to draft the amended complaint. (Doc. No. 16.)

13

"waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; see *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of January, 2023.

*Jerusha J. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE